UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DONNIEL THOMAS,<br><br>Plaintiff,<br><br>v.<br><br>CALLEEN TROYER, *et al.*,<br><br>Defendants. | Case No. 22-cv-13025<br>Honorable Jonathan J. C. Grey<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE FOR FAILURE TO PROSECUTE AND DENYING AS MOOT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 17)**

I.   **Introduction**

Plaintiff Donniel Thomas, a prisoner proceeding pro se, sues Defendant Calleen Troyer and three John Does under 42 U.S.C. § 1983, alleging that they were deliberately indifferent to his medical needs in violation of the Eighth Amendment.  ECF No. 1.  The Honorable Jonathan J. C. Grey referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 14.

Troyer moved for summary judgment on September 28, 2023.  ECF No. 17.  The Court ordered Thomas to respond by October 19.  ECF No.

18. Thomas did not respond, and the order directing his response was returned as undeliverable. ECF No. 20. The order was mailed to Thomas's address of record at Earnest C. Brooks Correctional Facility (LRF). But an offender search on the Michigan Department of Corrections website (OTIS) shows that Thomas was paroled in August 2023.[1] The Court ordered Thomas to show cause why his claims should not be dismissed for the reasons described in Troyer's motion or for failure to prosecute, warning that failure to respond "may result in a recommendation to dismiss the case." ECF No. 21. Thomas still did not respond, and the order to show cause was returned as undeliverable. ECF No. 22.

The record shows a discrepancy between Thomas's address of record at LRF and the fact that he was released on parole in August. But Thomas did not notify the Court of his address change. Local Rule 11.2 requires parties to notify the Court of an address change and warns that failure to do so could result in the dismissal of their case. Thomas has failed to comply with that rule.

The Court thus **RECOMMENDS** that Thomas's complaint be **DISMISSED WITH PREJUDICE** for failure to prosecute and that Troyer's motion for summary judgment be **DENIED** as moot. ECF No. 17.

---

[1] *See* https://perma.cc/E2CY-WLYL (last visited November 13, 2023).

## II. Analysis

### A.

If a plaintiff fails to prosecute an action, it can be dismissed either under the Court's inherent power to control its docket or involuntarily under Federal Rule of Civil Procedure 41(b). *Link v. Wabash R. Co.*, 370 U.S. 626, 629-32 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."). The authority to dismiss a plaintiff's case for failure to prosecute is available to the district court "as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (quoting *Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999)). And this Court's local rules provide that when "the parties have taken no action for a reasonable time, the court may, on its own motion after reasonable notice or an application of a party, enter an order dismissing the case unless good cause is shown." E.D. Mich. LR 41.2 (cleaned up). Dismissal for want of prosecution is ordinarily with prejudice. Rule 41(b); *Link*, 370 U.S. at 629.

The Sixth Circuit has set forth four factors to be used as guidance when deciding whether a case should be dismissed for failure to prosecute

3

under Rule 41(b): "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Knoll*, 176 F.3d at 363.  Although Thomas is proceeding pro se, and thus is held to less stringent standards, the leniency granted is not boundless.  *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).  "Pro se litigants are not to be accorded any special consideration when they fail to adhere to readily-comprehended court deadlines." *Bunting v. Hansen*, No. 05-10116-BC, 2007 WL 1582236, at *2 (E.D. Mich. May 31, 2007) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)) (cleaned up).

Analysis of the *Knoll* factors supports dismissal.  For the first factor, Thomas is at fault because he failed to respond to the dispositive motion or court orders.  The motion was served at Thomas's new address, while the Court's orders directing Thomas to respond and to show cause were sent to his address of record at LRF.  Since the filings were sent to both addresses, the Court draws a reasonable inference that Thomas was on notice of the motion.  Thus, his failure to respond was either was done in bad faith or is "willful and with fault."  *See Morley v. Comm'r of Soc. Sec.*,

4

No. 12-14653, 2013 WL 2051326, *1 (E.D. Mich. May 14, 2013). Thomas also failed to provide the Court with an updated address, showing willfulness or fault on his part. After invoking the processes of this Court, Thomas had an affirmative duty to apprise the Court of his mailing address. *See Yeschick v. Mineta*, 675 F.3d 622, 630 (6th Cir. 2012).

Although there is no evidence that defendants were prejudiced by Thomas's inaction, the third and fourth factors weigh heavily in favor of dismissal. As to the third factor, Local Rule 11.2 warns that failure to notify the Court of an address change could result in dismissal of an action. A pro se litigant is required to follow the Court's procedural rules. *See Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2001). And there is no less drastic sanction available because the Court has no means of communicating with Thomas about the case given his failure to provide a new address. Thomas has failed to respond to filings as ordered, even after being warned that his failure to respond could lead to the dismissal of his complaint. "[D]ismissal is the only appropriate remedy because [Thomas] has effectively abandoned the case." *Gomez v. Deangelo*, No. 18-14080, 2020 WL 7038612, at *2 (E.D. Mich. Apr. 2, 2020), *adopted*, 2020 WL 7024862 (E.D. Mich. Nov. 30, 2020) (cleaned up).

### III. Conclusion

The Court **RECOMMENDS** that this action be **DISMISSED WITH PREJUDICE** and that Troyer's motion for summary judgment be **DENIED** as moot (ECF No. 17).

                                          s/Elizabeth A. Stafford
                                          ELIZABETH A. STAFFORD
                                          United States Magistrate Judge

Dated: November 14, 2023

### NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and

recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections lack merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 14, 2023.

>  s/Marlena Williams
>  MARLENA WILLIAMS
>  Case Manager